IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ATSIE WILLIAMS, | * |
| *Plaintiff*, | * |
| | * |
| vs. | * CASE NO.: 2:17-cv-723 |
| | * |
| JOHN PERRYMAN, NATIONAL | * Removed from the Circuit Court of |
| GENERAL INSURANCE, et al., | * Lowndes County, Alabama |
| | * Case No. CV-2017-900034 |
| *Defendants*. | * |

## NOTICE OF REMOVAL

COME NOW Defendant National General Insurance Company (hereinafter "National General") and Defendant John Perryman (hereinafter "Perryman") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and file this Notice of Removal of the above-styled action to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice of Removal, Defendants show unto the Court as follows:

### Introduction

Plaintiff Atsie Williams initiated this action in the Circuit Court of Lowndes County, Alabama on May 12, 2017. (See Complaint, attached as Exhibit "A"). Plaintiff asserts negligence and wantonness claims against Defendant Perryman arising from an automobile accident. (Id.) Plaintiff asserts an uninsured/underinsured motorist claim against Defendant National General. (Id.) There is complete diversity among the parties to this action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. As such, this action could have been brought in this Court pursuant to 28 U.S.C. § 1332. Therefore, removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

### Statement of Plaintiff's Underlying Claims

The automobile accident at issue between Plaintiff and Defendant Perryman occurred on March 23, 2015, in Lowndes County, Alabama on US Highway 80 at the intersection of Gardner Circle and Steel Haven Road. (Ex. "A"). Plaintiff claims that Defendant Perryman acted negligently and wantonly in the operation of his motor vehicle such that she suffered injury and damages. (Id.) Plaintiff claims that she sustained injuries/damages including injury to her neck, back and shoulder, other physical and emotional injuries, loss of earnings, loss of earning capacity, pain and suffering and costs associated with medical treatment. (Id.) Plaintiff seeks compensatory and punitive damages. (Id.) Plaintiff claims that Defendant Perryman is an underinsured motorist and, as such, seeks damages from Defendant National General pursuant to a policy of insurance providing underinsured motorist coverage. (Id.)

### Law and Argument

28 U.S.C. § 1441(a) provides that "any action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending." This action is pending in the Circuit Court of Lowndes County, Alabama. This Court embraces Lowndes County. Thus, this action is removable if this Court has original jurisdiction over this action. This Court has diversity jurisdiction over this action. 28 U.S.C. § 1332(a) provides, in pertinent part, that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

I.     **The parties to this action are citizens of different states.**

Plaintiff is a resident of Dallas County, Alabama. (Ex. "A"). Defendant Perryman is a resident of Mansfield, Texas. (Id.) Defendant National General is a corporation organized under the laws of Missouri with its principal place of business and principal office for the transaction of business being located in Hazelwood, Missouri. (See Certificate of Amendment of Articles, Certificate of Amendment and Biennial Registration Report, attached as Exhibit "B"). "For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c)). National General is a Missouri corporation. (Ex. "B"). Alabama is not the principal place of business of National General. (Id.) National General is not a citizen of Alabama for purposes of diversity jurisdiction. Therefore, the parties to this case are citizens of different states.[1] Plaintiff has also named a number of fictitious party defendants. (Ex. "A"). However, fictitious party defendants are disregarded in determining whether a case should be removed based upon diversity jurisdiction. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded.").

II.    **The amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.**

Plaintiff did not plead a specific amount of damages in the Complaint. On July 26, 2017, Defendant National General served Plaintiff with Interrogatories and Requests for Production of

---

[1] It should be noted, in the interests of full disclosure, that the National General policy at issue was underwritten by Integon National Insurance Company. (See Alabama Personal Auto Declarations Page, attached as Exhibit "C"). Integon National Insurance Company is a North Carolina corporation with its principal place of business and principal office for the transaction of business being located in Winston-Salem, North Carolina. Alabama is not the principal place of business of Integon National Insurance Company. Thus, neither Integon National Insurance Company nor National General are citizens of Alabama for the purposes of diversity jurisdiction.

3

Documents seeking to obtain information relating to Plaintiff's injuries and damages including medical bills/liens, lost income, out of pocket expenses and other special damages. (See Defendant National General's Interrogatories and Requests for Production of Documents to Plaintiff, attached as Exhibit "D"). Plaintiff did not respond to Defendant National General's discovery. On October 6, 2017, Defendant National General served Plaintiff with Requests for Admissions seeking to establish the amount in controversy in this lawsuit. (See Defendant National General's Request for Admissions to Plaintiff, attached as Exhibit "E"). Plaintiff filed responses on October 13, 2017, acknowledging that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (See Plaintiff's Responses to Defendant National General's Requests for Admissions, attached as Exhibit "F").

**III.     All other prerequisites to removal are satisfied.**

Defendants have filed this Notice of Removal within the time required under 28 U.S.C. § 1446(b)(3). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants in this action have been attached to this Notice of Removal. (See Exhibit "G").

WHEREFORE, Defendant National General and Defendant Perryman file this Notice of Removal to the United States District Court for the Middle District of Alabama, Northern Division being the District and Division of said Court for the County in which said action is pending pursuant to 28 U.S.C. § 1441(a) and pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Lowndes County, Alabama shall affect the removal of this action to this Court.

_____
ALAN T. HARGROVE, JR.
R. BRETT GARRETT
Attorneys for Defendant National General
Insurance Company

OF COUNSEL:
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3100
(334) 481-0812 *fax*
Email: ath@rushtonstakely.com
       bg@rushtonstakely.com

_____
S. SCOTT SASSER (SAS013)
Attorney for Defendant John Perryman

OF COUNSEL:
Webster, Henry, Lyons, Bradwell
Cohan & Speagle, P.C.
Two Perimeter Park South, Suite 445 East
Birmingham, Alabama 35243
205.380.3480
Facsimile: 205.380.3485
Email: ssasser@websterhenry.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017, I filed the foregoing with the Clerk of the Court and have provided a copy of same to the following by email and U.S. Mail:

Stewart E. Vance, Esq.
The Vance Law Firm, P.C.
6631 Atlanta Highway
Montgomery, Alabama 36117
*Attorney for Plaintiff*

_____
OF COUNSEL

5